UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES EQUAL EMPLOYMENT                                :
OPPORTUNITY COMMISSION,                                       :
                                          Petitioner,         :   24 Misc. 103 (LGS)
                                                              :
                    -against-                                 :   **OPINION AND ORDER**
                                                              :
AAM HOLDING CORP., et al.,                                    :
                                          Respondents.        :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Petitioner the United States Equal Employment Opportunity Commission ("EEOC") brings this action to require Respondents AAM Holding Corp. and 59 Murray Street Enterprises, Inc., together doing business as FlashDancers Gentlemen's Club (together, "Respondents"), to comply with the administrative subpoenas (the "Subpoenas") issued by Petitioner on November 21, 2023. For the reasons below, the petition is granted.

I.  BACKGROUND

Respondents operate adult entertainment clubs in Manhattan. On March 24, 2022, Charging Party Eunice Flores Thomas filed charges of discrimination on the basis of sex with Petitioner against Respondents, on behalf of herself and a class of other female employees. The charges allege that Respondents maintained a sexually hostile working environment and engaged in *quid pro quo* sexual harassment. Specifically, the charges allege that Ms. Thomas was coerced into engaging in sexual acts with customers and was filmed while changing, among other allegations of sexual harassment. The charges also allege the hostile environment affected all women working at the clubs.

On May 31, 2022, Petitioner requested information from Respondents, including demographic information, positions, employment dates and contact information for all of

Respondents' employees from January 2019 through November 2023, in order to investigate the charges. Respondents refused to comply.

On November 21, 2023, Petitioner issued the Subpoenas seeking the same employee information previously requested. The Subpoenas' compliance deadline was December 8, 2023. Respondents sought to revoke the Subpoenas and Petitioner denied the request on January 11, 2024. Petitioner set a deadline of February 16, 2024, for production of the requested information. Respondents did not produce information prior to this deadline and informed Petitioner that Respondents would not comply without a court order. On March 8, 2024, Petitioner filed the petition to enforce the Subpoenas.

## II.     STANDARD

Under Title VII, the EEOC is required to investigate charges of discrimination to determine whether there is reasonable cause to believe that an employer is engaged in an unlawful employment practice, *see* 42 U.S.C. § 2000e–5(b), and may issue subpoenas in connection with its investigation, *id*. § 2000e–9. In order "to enable the EEOC to make informed decisions at each stage of the enforcement process, Title VII confers a broad right of access to relevant evidence." *McLane Co. v. E.E.O.C.*, 581 U.S. 72, 76 (2017), *as revised* (Apr. 3, 2017).[1] The EEOC is entitled to "any evidence of any person being investigated . . . that relates to unlawful employment practices covered by [Title VII] and is relevant to the charge under investigation." 42 U.S.C. § 2000e–8(a).

The district court's "role in a proceeding to enforce an administrative subpoena is extremely limited." *E.E.O.C. v. United Parcel Serv., Inc.*, 587 F.3d 136, 139 (2d Cir. 2009);

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

*accord Walsh v. Upright*, No. 22 Misc. 247, 2023 WL 2207604, at *3 (S.D.N.Y. Feb. 23, 2023). A district court "is not to use an enforcement proceeding as an opportunity to test the strength of the underlying complaint. Rather, a district court should satisfy itself that the charge is valid and that the material requested is relevant to the charge." *McLane Co.*, 581 U.S. at 76. "To obtain enforcement of an administrative subpoena, an agency must show only [1] that the investigation will be conducted pursuant to a legitimate purpose, [2] that the inquiry may be relevant to the purpose, [3] that the information sought is not already within the agency's possession, and [4] that the administrative steps required have been followed." *United Parcel Serv., Inc.*, 587 F.3d at 139; *accord Walsh*, No. 22 Misc. 247, 2023 WL 2207604, at *3. "A subpoena that satisfies these criteria will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable or that compliance would be unnecessarily burdensome." *United Parcel Serv., Inc.*, 587 F.3d at 139; *see McLane Co.*, 581 U.S. at 77.

## III. DISCUSSION

Petitioner has demonstrated that the information is relevant, while Respondents have not demonstrated that the Subpoenas are unreasonable, nor that compliance would be unnecessarily burdensome. The parties do not dispute that the charge is valid, that the investigation is conducted for a legitimate purpose or that the required administrative steps have been exhausted. The petition to enforce the Subpoenas is granted.

### A. Relevance of Information

The information sought by Petitioner is relevant to the charge. Showing relevancy in this context is a low bar, and courts have given the term "relevant" a "generous construction," allowing access to "virtually any material that might cast light on the allegations against the employer." *McLane Co.*, 581 U.S. at 76-77. In considering whether the information is relevant,

courts are not to "test the strength of the underlying charge." *Id*. at 76. Respondents argue that the requested information is too broad to be relevant. Specifically, Respondents argue that information regarding all employees is irrelevant, as the underlying charges do not adequately allege claims on behalf of a class.

Here, the Subpoenas seek demographic information, positions, employment dates and contact information for all of Respondents' employees from January 2019 through November 2023. The charges allege that all women employed at Respondents' clubs in that time period have been subject to sex-based discrimination through a hostile work environment and sexual harassment. The information sought in the Subpoenas would allow Petitioner to investigate which employees may have experienced discrimination while employed by Respondents and to determine whether the charges are substantiated. The adequacy of class allegations is not at issue during the relevancy inquiry. *See id*. Because the charges allege class-wide discrimination and the employee information would help Petitioner illuminate the work conditions experienced by the class of female employees, the information sought is relevant. *See also United Parcel Serv., Inc*., 587 F.3d at 139-140 (allowing subpoenas for nationwide employee information where charges brought by two employees included allegations of a pattern or practice of discrimination).

The cases cited by Respondents to argue overbreadth are inapposite. Respondents cite a series of non-binding, out-of-circuit cases in which courts found subpoenas to be overly broad where the underlying charges of discrimination did not allege a pattern or practice of discrimination or make class-wide allegations. *See Equal Emp. Opportunity Comm'n v. Eberspaecher N. Am. Inc*., 67 F.4th 1124, 1134 n.10 (11th Cir. 2023) (denying subpoena regarding other facilities where "the EEOC's charge here did not suggest that unlawful

4

employment practices were occurring anywhere but ENA's Northport facility."); *Equal Emp. Opportunity Comm'n v. TriCore Reference Lab'ys*, 849 F.3d 929, 938-39 (10th Cir. 2017) ("[T]he EEOC's disability request referenced only the individual charge and did not mention any other charging party, an additional charge, or anything else that might suggest the EEOC was investigating an additional charge that TriCore had a pattern or practice of discrimination."); *Equal Emp. Opportunity Comm'n v. Royal Caribbean Cruises, Ltd.*, 771 F.3d 757, 761 (11th Cir. 2014) ("It is not immediately clear, however, why company-wide data regarding employees and applicants around the world with any medical condition, including conditions not . . . similar to Mr. Morabito's, would shed light on Mr. Morabito's individual charge that he was fired because of his . . . diagnoses."). Unlike the charges in those cases, the charges here do include allegations that a class of employees experienced discrimination at both of Respondents' clubs. The information sought regarding employees at those clubs is relevant to facilitate Petitioner's investigation of the class-wide claims.

      **B.**    **Unnecessary Burden**

The Subpoenas do not impose an unnecessary burden on Respondents. A subpoena for relevant information may not be enforced if the party opposing enforcement demonstrates that compliance would be unnecessarily burdensome. *United Parcel Serv., Inc.*, 587 F.3d at 139; *accord Walsh,* No. 22 Misc. 247, 2023 WL 2207604, at *3. "[T]he decision whether a subpoena is overly burdensome turns on the nature of the materials sought and the difficulty the employer will face in producing them." *McLane Co.*, 581 U.S. at 81. This is a "fact-intensive" inquiry. *Id*.

Respondents argue that they cannot readily access the voluminous information Petitioner seeks because they run small businesses and do not store the information in a centralized

5

electronic database. Respondents' bookkeeper submitted an affidavit estimating that a manual review of the records would take approximately 300 hours to complete. The affidavit also states that hiring an outside vendor for assistance would be impractical due to the sensitive information contained in the personnel files and the cost of hiring a vendor. These arguments are unpersuasive in light of the nature of the information sought in the Subpoenas. The Subpoenas require collection and production of demographic and employment data of the type routinely collected and maintained by businesses pursuant to their legal reporting obligations to governmental agencies, including the Internal Revenue Service and EEOC. *See, e.g.*, *Employment Tax Recordkeeping*, Internal Revenue Service, https://www.irs.gov/businesses/small-businesses-self-employed/employment-tax-recordkeeping [https://perma.cc/4VHZ-ANRA] (Small businesses must keep employee records for at least four years, including "[n]ames, addresses, social security numbers, and occupations of employees" and "[d]ates of employment for each employee[.]"); *EEO Data Collections*, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/data/eeo-data-collections [https://perma.cc/2Q8U-WZGU] (requiring reporting of workforce demographic data from small businesses). Compiling this standard data to respond to the Subpoenas should not be overly burdensome, as it is exactly the type of data that Respondents are otherwise periodically required to compile and report.

Respondents' assertions about the time and cost of compiling the data also fall short of showing that the Subpoenas are overly burdensome. Respondents' bookkeeper's affidavit asserts that compiling the data would require approximately twelve days of full-time work but does not explain what the process would involve or how that figure was derived. The affidavit likewise does not explain any projected costs for hiring additional support or contextualize the burden that

cost would impose relative to Respondents' regular operations, other than asserting that doing so would be infeasible. Respondents have not shown that "compliance threatens to unduly disrupt or seriously hinder normal operations of [their] business." *See NLRB. v. Am. Med. Response, Inc.*, 438 F.3d 188, 193 n.4 (2d Cir. 2006) (noting that respondent abandoned its argument as to burden after conceding the subpoenas at issue would not disrupt its operations). Respondents' assertions thus fail to meet their burden of showing that compliance would be excessively burdensome.

### C.  Unreasonableness

The Subpoenas also do not unreasonably invade employees' privacy. A subpoena may be quashed if its requests are "unreasonable." *United Parcel Serv., Inc.*, 587 F.3d at 139. "It is the respondent's burden to show that an agency subpoena is unreasonable -- a burden that is not easily met." *Consumer Fin. Prot. Bureau v. Law Offs. of Crystal Moroney, P.C.*, 63 F.4th 174, 185 (2d Cir. 2023). Respondents argue that in using the produced information to investigate the charges, Petitioner may inadvertently alert other people to the fact that the employees worked at Respondents' clubs, and this would unreasonably invade those employees' privacy. Respondents cite no law for this proposition.

This concern is too abstract and attenuated from the Subpoenas themselves to render the requests unreasonable. Respondents do not argue that the mere disclosure of the subpoenaed information to Petitioner would be an invasion of the employees' privacy. Instead, Respondents argue that, at some point in the course of the investigation, Petitioner may inadvertently contact persons other than the employees, and in doing so, may reveal the employees' employment history, which that employee may have wished to conceal. The information sought includes employees' contact information such as mailing addresses, email addresses and phone numbers.

7

Respondents do not argue that they themselves did not use the same information to communicate with employees about their jobs, and Respondents do not suggest that their use of this information somehow violated employees' privacy. Petitioner is bound by law not to reveal information obtained in the course of an investigation, at least until any formal proceeding is commenced. *See* 42 U.S.C. § 2000e-8(e). This law, which imposes criminal penalties, largely negates the concern that Petitioner would discuss the investigation with persons other than the employees involved in the investigation. Respondents' privacy concerns do not render the Subpoenas unreasonable.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for enforcement of the Subpoenas is **GRANTED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 3 and to close the case.

Dated: June 6, 2024
New York, NY

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE