UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
UNITED STATES EQUAL EMPLOYMENT                                :
OPPORTUNITY COMMISSION,                                       :
                                          Petitioner,         :     24 Misc. 103 (LGS)
                                                              :
                     -against-                                :     **OPINION AND ORDER**
                                                              :
AAM HOLDING CORP., et al.,                                    :
                                          Respondents.        :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

Petitioner the United States Equal Employment Opportunity Commission ("EEOC") brings this action to require Respondents AAM Holding Corp. and 59 Murray Street Enterprises, Inc., together doing business as FlashDancers Gentlemen's Club (together, "Respondents"), to comply with the administrative subpoenas (the "Subpoenas") issued by Petitioner on November 21, 2023. On June 6, 2024, an Opinion and Order (the "Opinion") was issued granting enforcement of the Subpoenas. *EEOC v. AAM Holding Corp.*, No. 24 Misc. 103, 2024 WL 2873138, at *1 (S.D.N.Y. June 6, 2024). On June 20, 2024, Respondents filed a notice of appeal of that Opinion. On July 2, 2024, Respondents moved for a stay pending appeal, and Petitioner opposed the motion. For the reasons below, the motion is denied.

**I.   STANDARD**

"[I]t has always been held, that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." *Nken v. Holder*, 556 U.S. 418, 421 (2009);[1] *accord Citibank, N.A. v. Aralpa Holdings Ltd. P'ship*, No. 22 Civ. 08842, 2024 WL 664782, at *2 (S.D.N.Y. Feb. 16, 2024). "A stay is not

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433. "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

The "traditional standard for a stay" includes "four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425-26; *accord Ohio v. EPA*, 144 S. Ct. 2040, 2052 (2024). "[T]he first two factors are the most critical, and . . . both must be satisfied." *DiMartile v. Hochul*, 80 F.4th 443, 456 (2d Cir. 2023). "[W]here, as in this case, the government is the party opposing the stay, the third and fourth factors merge[.]" *Sarr v. Garland*, 50 F.4th 326, 335 (2d Cir. 2022). The Second Circuit has "treated these criteria somewhat like a sliding scale," and "the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [movant] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006); *accord U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 16 Civ. 8507, 2020 WL 359907, at *1 (S.D.N.Y. Jan. 21, 2020).

## II. DISCUSSION

Respondents fail to make a strong showing that they are likely to succeed on the merits or that they will be irreparably injured absent a stay. As a result, the motion for a stay pending appeal is denied.

A.     **Likelihood of Success**

Respondents have not shown a substantial possibility that they will succeed on the merits of their claim. To demonstrate a "strong showing that he is likely to succeed on the merits," *Nken*, 556 U.S. at 426, a party must demonstrate "a *substantial possibility*, although less than a likelihood, of success" on appeal. *Mohammed v. Reno*, 309 F.3d 95, 101, n.9 (2d Cir. 2002) (emphasis added); *accord Triaxx Asset Mgmt. LLC*, 2020 WL 359907, at *2. A showing of a likelihood of success on appeal requires "more than a mere possibility of relief." *Nken*, 556 U.S. at 434. Alternatively, it is sufficient for a party to demonstrate both that the "balance of hardships tip[s] decidedly" in their favor and that there are "sufficiently serious questions going to the merits to make them a fair ground for litigation. . . ." *Citigroup Glob. Markets, Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010); *accord Vidal v. Advanced Care Staffing, LLC*, No. 23-303-CV, 2024 WL 980634, at *1 (2d Cir. Mar. 7, 2024).

To succeed on the merits of their claims on appeal, Respondents must demonstrate that the Subpoenas should not be enforced and that this court abused its discretion in ordering their enforcement. "To obtain enforcement of an administrative subpoena, an agency must show only (1) that the investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry may be relevant to the purpose, (3) that the information sought is not already within the agency's possession, and (4) that the administrative steps required have been followed." *EEOC v. United Parcel Serv., Inc.*, 587 F.3d 136, 139 (2d Cir. 2009); *accord Walsh v. Upright*, No. 22 Misc. 247, 2023 WL 2207604, at *3 (S.D.N.Y. Feb 23, 2023). "A subpoena that satisfies these criteria will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable or that compliance would be unnecessarily burdensome." *United Parcel Serv.*, 587 F.3d at 139; *see McLane Co. v. EEOC*, 581 U.S. 72, 77 (2017). Additionally, "a district court's

decision to enforce an EEOC subpoena should be reviewed for abuse of discretion, not de novo." *McLane Co.*, 581 U.S. at 85.

### 1. Overly Broad

Respondents have not demonstrated a substantial possibility that they will succeed in their argument that the Subpoenas are overly broad. It is well established that courts are not to "test the strength of the underlying complaint" when evaluating relevance, and "relevant" is given a "generous construction," allowing access to "virtually any material that might cast light on the allegations against the employer." *Id*. at 76-77. The charges include allegations that a class of women employed at Respondents' clubs experienced sex-based discrimination, including by being forced to change in an area monitored by video and by being pressured to engage in unwanted sexual activity. The information about other employees sought by the EEOC, as explained in the Opinion, would shed light on whether the alleged class of employees experienced harassment. For instance, the EEOC may wish to draw comparisons between the working conditions experienced by female and non-female employees in order to evaluate whether female employees experienced discrimination or harassment. Likewise, information on other employees' race or age may help the EEOC better understand which employees are part of the class of persons who may have experienced the alleged discrimination or harassment. Relevance in this context is a low bar, and Respondents have not shown their success on appeal would be "more than a mere possibility." *DiMartile*, 80 F.4th at 456.

Respondents argue that Petitioner has not justified how it will use the information requested by the Subpoenas and has not demonstrated that it has uncovered any evidence of discrimination. But the burden is on Respondents to demonstrate the Subpoenas are unreasonable. *United Parcel Serv.*, 587 F.3d at 139. Likewise, Petitioner need not show that the

4

allegations in the charge are meritorious in order to be allowed to investigate those allegations. *McLane Co.*, 581 U.S. at 76 ("A district court is not to use an enforcement proceeding as an opportunity to test the strength of the underlying complaint."); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984) ("[A]ny effort by the court to assess the likelihood that the Commission would be able to prove the claims made in the charge would be reversible error.").

Respondents also rely on out-of-Circuit caselaw, all of which relates only to individual and not class claims, and all of which was previously cited in Respondents' opposition to the Subpoenas' enforcement. These cases are inapposite and unpersuasive for the reasons stated in the Opinion. Also unpersuasive is Respondents' argument that *United Parcel Service* is inapposite because that case involved a nationwide policy that justified a nationwide investigation, while this case involves no official policy. 587 F.3d at 139-40. Just as *United Parcel Service* included class-wide allegations, the charges here allege that female employees experienced class-wide discrimination at both of Respondents' clubs and allege ways in which that class of employees experienced discrimination. The class-wide investigation is therefore appropriate, regardless of whether a specific formal policy is alleged as the source of the discrimination.

### 2. Unduly Burdensome

Respondents have not demonstrated a substantial possibility of showing that the Subpoenas are unduly burdensome. A subpoena for relevant information may not be enforced if the party opposing enforcement shows that compliance would be unnecessarily burdensome. *United Parcel Serv.*, 587 F.3d at 139; *accord Walsh*, 2023 WL 2207604, at *3. "[W]hether a subpoena is overly burdensome turns on the nature of the materials sought and the difficulty the

5

employer will face in producing them." *McLane Co.*, 581 U.S. at 81. This is a "fact-intensive" inquiry. *Id.*

Regardless of whether the subpoenaed information is the type of information Respondents would regularly retain and report pursuant to other legal obligations, Respondents have not shown that "compliance threatens to unduly disrupt or seriously hinder normal operations of [its] business." *NLRB v. Am. Med. Response, Inc.*, 438 F.3d 188, 193 n.4 (2d Cir. 2006) (noting that the respondent abandoned its argument as to burden after conceding the subpoenas at issue would not disrupt its operations). As set forth in the Opinion, Respondents' evidence fails to explain fully the alleged burden of compliance or to contextualize that burden in relation to Respondents' regular operations. Respondents allege that compliance would be burdensome on their two administrative employees. Respondents do not explain how -- even crediting their conclusory estimate of 300 hours of labor -- diverting those two employees' time would actually disrupt the operations of the clubs. *See NLRB v. AJD, Inc.*, No. 15 Misc. 326, 2015 WL 7018351, at *4-5 (S.D.N.Y. Nov. 12, 2015) (rejecting as unsupported an undue burden argument where respondents alleged that the burden would be "astronomical," "that they ha[d] 'virtually no' human resources, legal or administrative staff" and that the subpoena would cause disruption to their business operations by "compelling them to 'spend countless hours' pulling files and by diverting the use of computers otherwise needed to run their restaurants"). Respondents have not met their burden of showing a likelihood of success on appeal.

**B.    Irreparable Harm**

Respondents also have not shown that they will be irreparably harmed absent a stay. Irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *accord Nken*, 556 U.S. at

434-35 (generally "simply showing some possibility of irreparable injury fails to satisfy" this factor). A movant's burden to demonstrate irreparable injury is "inversely proportional to" the "probability of success that is demonstrated." *See Thapa*, 460 F.3d at 334; *accord Triaxx Asset Mgmt. LLC*, 2020 WL 359907, at *1. "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken*, 556 U.S. at 433. As discussed below, Respondents have not shown irreparable harm, especially when considered in conjunction with their lack of showing a likelihood of success.

1. **Disclosure of Subpoenaed Materials**

Enforcement of the Subpoenas here will not create an irreparable injury due to the disclosure of information to Petitioner. "[A] requirement to produce documents, at least absent a claim of privilege or sensitivity, is not generally the type of injury that is irreparable." *In re Platinum Partners Value Arbitrage Fund LP*, No. 18 Civ. 5176, 2018 WL 3207119 at *6 (S.D.N.Y. June 29, 2018) (denying stay pending appeal of ruling requiring compliance by third-party with subpoena in bankruptcy proceeding); *accord Doe v. Trump Corp.*, No. 18 Civ. 9936, 2020 WL 2538400, at *5 (S.D.N.Y. May 18, 2020) (denying stay pending appeal of ruling requiring compliance with subpoena duces tecum). Respondents argue that, absent a stay, they will be forced to produce sensitive employee information to Petitioner, and this disclosure cannot be undone if Respondents later succeed on appeal. As discussed in the Opinion, Petitioner is bound by law to preserve the confidentiality of information it obtains in the course of its investigation, negating privacy concerns about the disclosure of information. This disclosure can also be meaningfully remedied, and any privacy interests preserved, by the later return or destruction of any materials produced. *See Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 393 (2d

Cir. 2022) ("[T]he conclusion of an investigation will not ordinarily moot a challenge to a subpoena if a court can order meaningful relief by, for example, ordering the return of records provided during the investigation."); *Church of Scientology v. United States*, 506 U.S. 9, 12-13 (1992) (same).

Respondents again cite several out-of-Circuit cases for the proposition that the disclosure of information cannot be undone and therefore creates irreparable injury. In each of those cases, however, additional factors that are absent here created the likelihood of significant harm -- either due to full public disclosure of sensitive information or because disclosure would result in competitive harm. *See, e.g., Providence J. Co. v. Fed. Bureau of Investigation*, 595 F.2d 889, 890 (1st Cir. 1979) (finding irreparable harm where, absent a stay, a newspaper would publish information on a wiretap, and there was a likelihood of success on the merits because it was a "case of initial impression wherein respectable minds might differ"); *PepsiCo, Inc. v. Redmond*, No. 94 Civ. 6838, 1996 WL 3965, at *30 (N.D. Ill. Jan. 2, 1996) (finding irreparable injury where, absent an injunction, trade secrets would be disclosed to direct competitors); *Metro. Life Ins. Co. v. Usery*, 426 F. Supp. 150, 158-172 (D.D.C. 1976) (granting an injunction against the FOIA-related public release of business information that included trade secrets and personally identifying narrative information on employees), *aff'd and remanded sub nom. Nat'l Org. for Women, Washington, D.C. Chapter v. Soc. Sec. Admin. of Dep't of Health & Hum. Servs.*, 736 F.2d 727 (D.C. Cir. 1984). The most analogous case cited is *EEOC v. FedEx Corp.*, No. 06 Civ. 276, 2007 WL 9734298, at *2 (D. Ariz. Oct. 5, 2007), in which the court found a strong showing of likelihood of success on the merits due to an unsettled question of law and also stated, without elaboration, that respondent's appeal would be mooted absent a stay, creating irreparable injury.

The law in this Circuit does not support Respondents' assertion that their appeal necessarily will be mooted by compliance with the Subpoenas. As Respondents are asserting a privacy interest in the subpoenaed documents, they retain an interest in the return of those documents, creating a live controversy even if the Subpoenas are enforced. *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 133 (2d Cir. 2020) (holding case not mooted by compliance with subpoena "because the respondents have and maintain a privacy interest in the documents that they produced and would be entitled to the return of those documents if successful on appeal").

### 2. Compliance Costs

Respondents also argue that they will be required to expend time and resources to comply with the Subpoenas, but that injury is not irreparable. The prevailing party in litigation involving the EEOC under Title VII may be awarded reasonable attorneys' fees and costs, 42 U.S.C. § 2000e-5(k), and such an award would adequately compensate for any costs Respondents incurred complying with the Subpoenas, *see SEC v. Daspin*, 557 F. App'x 46, 48 (2d Cir. 2014) (summary order) (holding that need to pay costs associated with subpoena compliance "does not qualify as irreparable harm, as it would be adequately compensated by a monetary award"); *Cuomo v. Dreamland Amusements, Inc.*, No. 08 Civ. 6321, 2008 WL 4369270, at *12 (S.D.N.Y. Sept. 22, 2008) ("The costs of [subpoena and investigation] compliance do not constitute irreparable injury"); *AVCO Fin. Corp. v. Commodity Futures Trading Comm'n*, 929 F. Supp. 714, 719 (S.D.N.Y. 1996) (holding that "cost associated with being investigated, namely producing subpoenaed records, shepherding witnesses through depositions, and possibly defending itself in an enforcement proceeding" did not constitute irreparable harm). Courts have held that it is within a district court's discretion to shift costs of compliance with an EEOC

subpoena in a manner analogous to what is permissible under Federal Rule of Civil Procedure 45.  *See EEOC v. Kronos Inc.*, 694 F.3d 351, 371-72 (3d Cir. 2012), *as amended* (Nov. 15, 2012); *United States v. Tennessee Walking Horse Breeders' & Exhibitors' Ass'n*, 727 F. App'x 119, 125-26 (6th Cir. 2018); *cf. FTC v. Rockefeller*, 591 F.2d 182, 191 (2d Cir. 1979) ("the district court has the power to require the government ultimately to pay the costs of compliance" with IRS subpoena); *accord Daspin*, 557 F. App'x at 48 (same).  Under Federal Rule of Civil Procedure 45, the costs of complying with a subpoena may be awarded to a subpoenaed party where the equities so require.  *See, e.g., Doe 1 v. Deutsche Bank Aktiengesellschaft*, No. 22 Civ. 10018, 2023 WL 8113403, at *2 (S.D.N.Y. Nov. 22, 2023) (awarding reimbursement of costs attributable to subpoena compliance incurred by outside vendors and subpoenaed non-party's staff); *Contant v. Bank of Am. Corp.*, No. 17 Civ. 03139, 2020 WL 3260958, at *3 (S.D.N.Y. June 17, 2020) (same).  Thus, if Respondents must incur costs to comply with the Subpoenas and their enforcement is later found to have been in error, Respondents may be able to recoup those costs through a monetary award.  This injury is therefore not irreparable and does not weigh in favor of a stay.

    **C.**    **Public Interest and Injury to Petitioner**

As Respondents have not shown that the first two stay factors have been met, the Court need not reach the combined final prong.  *See DiMartile*, 80 F.4th 456 ("[T]he first two factors are the most critical, and . . . both must be satisfied."); *Town of Newburgh, New York v. Newburgh EOM LLC*, No. 23 Civ. 4212, 2024 WL 1507585, at *9 (S.D.N.Y. Apr. 8, 2024).

### III. CONCLUSION

For the foregoing reasons, Respondents' motion to stay enforcement of the Subpoenas pending appeal is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 20.

Dated: August 7, 2024
       New York, NY

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**